# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUSTINE MCMULLEN, an individual, on behalf of herself and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>HUNTER WARFIELD OF NEW ENGLAND, INC., a Florida corporation,<br><br>Defendant. | Case No.: 2:16-cv-01646<br><br>**PRELIMINARY APPROVAL ORDER** |

Plaintiff Justine McMullen ("Plaintiff") and Defendant Hunter Warfield of New England, Inc. ("Defendant") have filed a Joint Motion for Preliminary Approval of Class Action Settlement. The Court has read and considered the joint motion, the settlement agreement and its amendments thereto ("Agreement"), and the record. The Court grants the joint motion.

IT IS ORDERED as follows:

1. JURISDICTION: The Court has jurisdiction over the subject matter of the Lawsuit, and for purposes of settlement only, this Court has personal jurisdiction over Plaintiff, Defendant and all the Settlement Class members.

2. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT: The Court preliminarily finds that the settlement of the Lawsuit ("Settlement"), on the terms and conditions set forth in the Agreement and the Exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class members, taking into consideration the benefits to Class members; the strength and weaknesses of Plaintiff's case; and Defendant's defenses, the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that notice of the Settlement should be given to persons in the

Class and a full hearing should be held on approval of the Settlement.

3. CAFA NOTICE: As set forth in the Agreement, Defendant through counsel will notify the appropriate state and federal officials in compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 and prepare a certificate of compliance with same.

4. THE CLASS: On June 4, 2015, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and 23(b)(3), of the following class members:

> all Nevada residents who (i) on or after July 13, 2015 through May 10, 2017 (ii) were sent a collection letter in the form of Exhibit 1, attached to the First Amended Complaint, from Defendant Hunter Warfield (iii) which was not returned as undeliverable by the U.S. Post Office (iv) in an attempt to recover an alleged obligation incurred for personal, family, or household purposes.

Based on Defendant's records as of May 10, 2017, there are 557 persons in the Class. A copy of Exhibit "1" is attached hereto and is incorporated herein by reference.

5. CLASS REPRESENTATIVE, CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR APPOINTMENT: The Court preliminarily finds that Plaintiff Justine McMullen adequately represents the interests of the Class and appointed her as the Class Representative. The Court also finds that O. Randolph Bragg of Horwitz, Horwitz, & Associates Ltd. and Keren E. Gesund of Gesund and Pailet, LLC are adequate to act as counsel for the Class and appointed them as Class Counsel. For purposes of preliminary approval, the Court approves First Class, Inc. ("FCI"), to act as the Settlement Administrator and carry out the responsibilities assigned to it under the Agreement.

6. NOTICE OF SETTLEMENT: The Court approves the form and method of notice set forth in the Agreement and finds that the form and method of notice set forth in the Agreement satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances. Defendant shall provide a class

list, containing each settlement class members' last known address as reflected in Defendant's records, to FCI and to Class Counsel. Before sending the notice, FCI shall run the address of each person in the class list through the National Change of Address (NCOA) database/registry. Within forty-five (45) days following entry of this order, FCI shall send via first class U.S. mail the Notice of Settlement to each person in the class list, at their most recent known address, and will forward any notice that is returned with a forwarding address within fourteen (14) days of receiving the returned mail and will update the Class member address list with all forwarding addresses. At least ten (10) days before the Final Approval Hearing, the FCI shall file a declaration of compliance with the notice procedures set forth in the Agreement.

7. SETTLEMENT AND CLAIMS PROCESS: The Court preliminarily approves the consideration of, $21,000, which is at least the net worth of Defendant, approximately $37.70 to each member of the Class (provided there are no opt-outs; if there are opt-outs, this amount will be recalculated for a pro rata distribution), as fair, reasonable, and adequate. : The Court also preliminarily approves the payment of additional amounts for the costs of notice and administration, statutory damages of $,1,000.00 pursuant to 15 U.S.C. §1692k(a)(2), an incentive award of $3,000.00 to the Class Representative, and any attorney's fees, costs or expenses that the Court may award to Class Counsel.

8. EXCLUSIONS: Any Class member who desires to be excluded from the Settlement Class must send a written request for exclusion to FCI, with a postmark date no later than one-hundred five (105) days after the entry of this order. FCI's address shall be provided in the Notice of Settlement mailed to the Class Members. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days before the Final Approval Hearing. A copy of that list will be filed with the Motion for Final Approval of the Class Action Settlement.

To be valid, a request for exclusion must be personally signed by the member of the Class requesting exclusion and must include: (i) name, address and telephone number; (ii) a sentence stating that he or she is in Class; and (iii) the following statement: "I request to be excluded from the class settlement in McMullen vs. Hunter Warfield of New England, Inc., United States District Court for the District of Nevada, Case No. 2:16-cv-01646", or words to that effect.

9. Any Class member who submits a valid and timely request for exclusion shall not be a member of the Class, and shall not be bound by the Settlement. All Class members who do not request exclusion from the Class will be bound by all determinations and judgments in this case concerning the Settlement, including, but not limited to the validity, binding nature and effectiveness of the release set forth in paragraph 21 of the Agreement.

10. OBJECTIONS: Any Class member who intends to object to the fairness of the Settlement must file a written objection with the Clerk of the United States District Court, for the District of Nevada, 333 Las Vegas Blvd. South, Las Vegas, NV 89101 no later than one hundred five (105) days after the entry of this order. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall be set forth in the Notice of Settlement advising the Settlement Class members about objections.

11. To be considered, the written objection must be signed by the Class member and state: the Class member's full name, address, and telephone number, the reasons for the objection, the identity of witnesses whom the objector may call to testify at the Final Approval Hearing, copies of exhibits the objector may seek to offer into evidence at the Final Approval Hearing, and whether the objector intends to appear at the Final Approval Hearing on his own behalf or through counsel.

12. Any Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

13. The costs of notice and settlement administration will be paid by Defendant.

14. FINAL APPROVAL HEARING: The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on February 23, 2018 at 9:00 AM in Courtroom 6D of the United States District Court for the District of Nevada, located at 333 Las Vegas Blvd. South, Las Vegas, NV 89101.

The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Class members. At the hearing, the Court will consider the following issues:

a. Whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class members and should be approved by the Court;

b. Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice;

c. Such other issues as the Court deems appropriate.).

15. No later than thirty (30) calendar days after entry of this Order, Class Counsel will apply to the Court for an award of attorneys' fees and costs pursuant to Rule 23(h).

16. Attendance at the Final Approval Hearing is not necessary. Class members need not appear at the hearing or take any other action to indicate their approval of the proposed Settlement. However, Class members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

17. If the Agreement is not finally approved for any reason, then this Order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

19. All other proceedings in the Litigation are stayed except as may be necessary to implement this order or comply with the terms of the Agreement.

20. The parties must file their motion for final approval of the settlement by February 2, 2018.

IT IS SO ORDERED.

Dated: 9/8/2017

_____
JENNIFER A. DORSEY