**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUSTINE MCMULLEN, an individual, on behalf of herself and those similarly situated;<br><br><br>Plaintiffs,<br><br>vs.<br><br>HUNTER WARFIELD OF NEW ENGLAND, INC., a Florida corporation,<br><br><br>Defendant. | Case No.: 2:16-cv-01646<br><br><br>**ORDER**<br><br>ECF Nos. 51, 73 |

**FINAL APPROVAL ORDER**

Plaintiff Justine McMullen brought the instant action against Defendant Hunter Warfield of New England, Inc. for alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On September 8, 2017, the Preliminary Approval Order (Doc. No. 50) regarding this class action settlement was entered ("Preliminary Approval Order") which, among other things, conditionally certified a class as defined in the Complaint for settlement purposes only and directed notice of the Settlement to the Class. The parties now move jointly for final approval of their class action Settlement. Having reviewed all papers submitted on this matter, the reasons below, and my findings and conclusions on the record at today's hearing, IT IS HEREBY ORDERED that:

    1.    For purposes of this Order, the Court adopts and incorporates the definitions set forth in the Settlement Agreement.

    2.    The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all Class Members.

    3.    The Court grants final certification to the Class for settlement purposes only and finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause

of the United States Constitution for the maintenance of a class action have been satisfied in all respects.

4.     The Court certifies the Settlement Class defined as: all Nevada residents who (i) on or after July 13, 2015 through May 10, 2017 (ii) were sent a collection letter in the form of Exhibit 1, attached to the First Amended Complaint, from Defendant Hunter Warfield (iii) which was not returned as undeliverable by the U.S. Post Office (iv) in an attempt to recover an alleged obligation incurred for personal, family, or household purposes.

5.     The Court makes the following findings:

(a)     The Class is so numerous that joinder of all members is impracticable;

(b)     There are questions of law or fact common to the Class, and such questions predominate over questions affecting only individual Class Members;

(c)     The claims of the named Plaintiffs are typical of those of the proposed Class;

(d)     The named Plaintiffs are capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement Agreement;

(e)     For purposes of settlement, a settlement with the above-described Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

6.     The Court designates Plaintiff Justine McMullen as the Class Representative.

7.     The Court appoints O. Randolph Bragg of Horwitz, Horwitz & Associates, LTD. and Keren E. Gesund of Gesund & Pailet, LLC as Class Counsel.

8.     Notice of the Settlement was disseminated to the Class via first class mail to the approximately 512 Class Members as set forth in the Settlement Agreement and the Preliminary Approval Order.  The notice fully informed the Class of their rights with respect to the Settlement Agreement, including the right to be excluded and to object to the Settlement Agreement, the right to enter an appearance, and the proposed statutory damages and incentive awards to the named Plaintiffs. The notice given to the Class in this action is the best practicable notice under the circumstances and

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedures and the Due Process Clause of the United Stated Constitution.

9. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, Defendant has notified the appropriate state and federal officials of the Settlement. The Court has set aside more than 90 days to receive and consider any comment or objection by any government entity in response to the CAFA notices provided by Defendant.

10. The Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable. Specifically, the legal and factual posture of this case and the fact that the Settlement was the result of arms' length negotiations between experienced counsel support this finding. No objections have been filed with the Court. Accordingly, the Settlement Agreement is hereby finally approved in all respects.

11. Plaintiff, each member of the Class, and each of the Releasing Persons are deemed to have, and by operation of this Order shall have unconditionally, released the Released Parties from each and every claim they have or may have asserted against the Released Parties in this Lawsuit as set forth in the Settlement Agreement and are forever barred and enjoined from prosecuting any claim they have or may have against the Released Parties in this Lawsuit.

13. Named Plaintiffs, each member of the Class, and each of the Releasing Persons' claims are dismissed with prejudice as to the Released Parties.

14. Named Plaintiffs' individual claims against Defendant are hereby dismissed with prejudice.

15. Defendant shall pay $21,000.00 to the Class pursuant to the terms of the Settlement Agreement, i.e. - $41.01 to each of the 512 Class Members.

16. Defendant shall pay for the cost of class notice, preparation and distribution of checks to the class members, claims administration, etc.

17. Plaintiff is the successful party for the purpose of determining the amount of the award of reasonable attorneys' fees, costs and expenses. Plaintiffs has filed a motion for an award of

$56,099.60 in fees and costs [ECF No. 51]; defendant vigorously opposes that request as excessive. [ECF No. 56].  Having scrutinized class counsel's application, I find that counsel's billing rates are reasonable in this market based on counsel's experience and qualifications.  However, I conclude that the hours invested into this case (particularly in intracounsel conferences and research) are inconsistent with the complexity of the case and the result achieved.  I find that a reasonable award is instead $839.10 in costs plus $44,208.40 (which reflects an across-the-board 20% reduction from the requested amount), for a total fees-and-costs award of $45,047.50.

18.     The class representative, Justine McMullen, moves for an additional award of $1,000 in statutory damages plus a class-representative incentive award of $3,000 for the time and effort that she expended in this litigation to achieve this settlement on behalf of the class.  These payments in these amounts are negotiated terms of the settlement agreement.  Although defense counsel challenged the reasonableness of the incentive award in argument during the final fairness hearing, these are negotiated terms of the settlement that the parties reached in this case [ECF No. 40-3 at 6], and I find that the additional work that McMullen performed on behalf of the class to pursue these claims and achieve this result warrants payment of the awards as negotiated and agreed by the parties.  So, the plaintiff is awarded $4,000 to be paid directly by defendant.

. . .

19. The Court approves Legal Aid Center of Southern Nevada, a 501(c)(3) non-profit organization as the recipient of the *cy pres* award for any monies remaining from the $21,000 settlement fund that are unclaimed, including all monies from the checks from the settlement fund that are not cashed within 90 days of their issuance date. This *cy pres* award must be used for consumer representation and/or education.

20. The court retains exclusive and continuing jurisdiction over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of this order.

21. In sum, IT IS HEREBY ORDERED that the Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class **[ECF No. 73] is GRANTED**;

22. IT IS FURTHER ORDERED that the Motion for an Award of Attorneys' Fees and Costs **[ECF No. 51] is GRANTED IN PART.** Class counsel is awarded $839.10 in costs plus $44,208.40 in attorneys fees, for a total fees-and-costs award of $45,047.50.

23. And because these rulings leave no further action to be taken by the court, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Class Action Settlement is APPROVED and that the parties are directed to carry out the terms of the Settlement Agreement. **The Clerk of Court is directed to ENTER JUDGMENT in favor of the plaintiff and against the defendant in the amount of $44,208.40 in attorneys fees and $839.10 in costs, for a total judgment of $45,047.50** and CLOSE THIS CASE.

Dated: June 29, 2018

_____
U.S. District Judge Jennifer A. Dorsey